Howedd, J.
This is an appeal by the administrator of this succession from a judgment sustaining an opposition to a provisional and a final tableau filed by him. He was appointed in January, 1859; on 4th May, 1866, he filed a provisional, and on 5th June following, a final tableau, "both of which were approved by the natural tutrix, and widow in community, except one item, the sum of §400, charged as paid on 12th July. 1860, to one J. C. Potts, for account of Mrs. Robson, the widow and .opponent, and for which the administrator took, retained until the trial of the opposition, on 22d December, 1866, a due bill from the said Potts in favor of Mrs. Robson, bearing eight per cent, interest from 1st April preceding its date.
• This was clearly a>n pnauthQrigpd paymept pr disposal of the funds of the susepssio.», .and .he ygcoggigecl (is a charge against it. It it? *98 not shown that the creditors or heirs have been benefited thereby, nor does it appear that the widow in community could, at that time, control this amount in the hands of the administrator. The assumption that this was a loan, which the widow and tutrix authorized the administrator to make of the funds of the succession, cannot be maintained. An administrator can pay the debts of the succession only upon the authorization of the Court, and any balance that may remain to the heirs or representatives. C. O. 105(i, 10G6. If he pays to cither, without such authorization, ho does so at his own risk.
The effort of the administrator, in this instance, to show a want of ratification on the part of the opponent of this transaction, does not succeed in relieving him. The evidence is vague and insufficient. We are of opinion that the lower Court did not err in sustaining the opposition to this charge in the administrator’s account.
Judgment affirmed, with costs.